tice, Sacramento, CA, for Respondent–Appellee.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

---

·v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 06–73458.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Armen Amatuni, a native and citizen of Armenia, petitions for review of the Board

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

We dismiss Amatuni's claim that he is eligible for asylum on humanitarian grounds because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction over Amatuni's remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003). We deny the petition as to the remaining claims.

Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility determination. The IJ specifically and cogently identified discrepancies in Amatuni's testimony that went to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) ("An adverse credibility ruling will be upheld so long as identified discrepancies go to the heart of [the] asylum claim.").

Because Amatuni failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Amatuni's CAT claim also fails because it is based on the same testimony that the BIA and IJ found not credible, and Amatuni points to no other evidence that he could claim the BIA and IJ should have considered. *See id.* at 1157.

---

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**